JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
DEJAN M. GANTAR, Bar No. 306929
Assistant Federal Public Defender
8th Floor - Suite 820
55 South Market Street
San Jose, CA 95113
Telephone: (408) 291-7753
Facsimile: (408) 291-7399
Email: Dejan_Gantar@fd.org

Counsel for Defendant THOMAS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RILEY THOMAS,<br>Defendant. | Case No. CR 25–00095 PCP (SVK)<br>**APPLICATION FOR ISSUANCE OF INDIGENT PRETRIAL SUBPOENA DUCES TECUM RE CALIFORNIA HIGHWAY PATROL; DECLARATION IN SUPPORT THEREOF** |

## APPLICATION

Defendant Riley Thomas, by and through counsel, hereby makes this application for the following, pursuant to the Due Process Clause of the Fifth Amendment, the Compulsory Process Clause of the Sixth Amendment, Federal Rule of Criminal Procedure 17(c), Northern District of California Criminal Local Rules 17-2 and 47-2, and General Order 69:

1. An order authorizing the issuance of a pretrial subpoena duces tecum to be served upon the party listed below for the documents described in the attached subpoena and declaration of counsel:

California Highway Patrol
CHP Headquarters Sacramento
Attention: Madelyn Cisneros, Office of Legal Affairs
601 North 7th Street
Sacramento, CA 95811

2. An order that the cost of process and fees and the expenses of the subpoenaed entity shall be paid as if the documents were subpoenaed on behalf of the government.

This application is based upon the following declaration of counsel:

**DECLARATION**

I, Dejan M. Gantar, hereby declare:

1. I am an Assistant Federal Public Defender for the Northern District of California, San Jose Division. My office represents defendant Riley Thomas in the above-captioned criminal case.

2. Mr. Thomas is charged with possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

3. On May 22, 2026, Mr. Thomas filed a motion to suppress and requested an evidentiary hearing. *See* ECF 58. On September 9, 2026, the Honorable P. Casey Pitts granted Mr. Thomas's request for an evidentiary hearing. *See* ECF 79.

4. As part of its order, the Court directed that California Highway Patrol (CHP) Officer Heath Kuhlmann be made available for examination at the evidentiary hearing. *See id.* at 12. At the evidentiary hearing, the Court will have the opportunity to assess Kuhlmann's credibility and his expertise regarding the training and use of K9s.

5. Pursuant to *Giglio v. United States*, 427 U.S. 97 (1976), and *Pitchess v. Superior Court*, 11 Cal. 3d 531 (1974), Mr. Thomas is entitled to discovery bearing on the credibility of the officers who are expected to testify during the evidentiary hearing. *See, e.g., United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) (government obligated to produce impeachment materials in federal law enforcement officers' personnel files); *see also United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984) (evidence in FBI personnel files could be "very germane" and government was thus obligated to review files and disclose *Brady* material). Such information would include, but not be limited to, any known history of misconduct as a law enforcement officer, past instances where the officer's

veracity or candor has been called into question, formal or informal reprimands from the CHP or any other known law enforcement agencies, pending or resolved internal investigations and/or substantiated reports of corruption and/or other improper conduct. Such information is contained with the officer's personnel file and in the exclusive control of the CHP. Mr. Thomas has no other known means by which to obtain such information.

6. It is my professional judgment and opinion that the production of said material is necessary for a fair trial for Mr. Thomas and for adequate preparation for the evidentiary hearing and, more generally, of the defense.

7. I am informed and believe that Mr. Thomas is unable to pay for expenses in connection with the duplication of the materials listed in the attached subpoena.

8. As provided for by General Order 69, please see Attachment 1 (Subpoena to Produce State Law Enforcement or Complaint Records in a Criminal Case); Attachment 2 (Model Protective Order); and Attachment 3 (General Order 69).

I declare under penalty of perjury that the foregoing is true and correct, except for those matters stated on information and belief, and as to those matters, I am informed and believe them to be true.

Executed this 17th day of September, 2026, at San Jose, California.

Dated: September 17, 2026

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

/S

DEJAN M. GANTAR
Assistant Federal Public Defender