# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

Riley Thomas

Defendant(s).

SUBPOENA TO PRODUCE STATE LAW ENFORCEMENT PERSONNEL OR COMPLAINT RECORDS IN A CRIMINAL CASE

Case No.: 25-cr-095 PCP(SVK)

TO: California Highway Patrol, CHP Headquarters Sacramento, Madelyn Cisneros, Office of Legal Affairs, 601 N 7th Street, Sacramento CA 95811

YOU ARE COMMANDED to produce at the place, date, and time specified the personnel or complaint records indicated below. You shall produce the records pursuant to General Order 69 and pursuant to the attached protective order. If compliance would be unreasonable or oppressive, you may file a motion within 14 days of receipt of this subpoena requesting the court to quash or modify the subpoena or to review the documents in camera.

| PLACE | | | | COURTROOM/JUDGE / DATE AND TIME |
|---|---|---|---|---|
| ☐ U.S. Courthouse<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 | ☒ U.S. Courthouse<br>280 South First St.<br>San Jose, CA 95113 | ☐ U.S. Courthouse<br>3140 Boeing Ave.<br>McKinleyville, CA 95519 | ☐ U.S. Courthouse<br>1301 Clay Street<br>Oakland, CA 94612 | COURTROOM/JUDGE: Courtroom 2/ SVK<br>DATE AND TIME: 10/13/2026 01:00 |

*If the document(s) or object(s) are produced in advance of the date specified, either to the court in an envelope delivered to the clerk's office or to the issuing attorney whose name and address appears below, no appearance is necessary.*

The following document(s) or object(s) shall be produced:

Copies of all records available as specified in Attachment A

DELIVERY OF COPIES OF ALL REQUESTED MATERIALS TO THIS COURT, OR TO EITHER OF THE REPRESENTATIVES OF THE FEDERAL PUBLIC DEFENDER'S OFFICE NAMED BELOW, PRIOR TO THE APPEARANCE DATE WILL SUFFICE IN LIEU OF PERSONAL APPEARANCE.

NOTE: Subpoena forms requiring the appearance of a witness to testify at a criminal proceeding or to testify and bring documents to a criminal proceeding, must use Form CAND 89A, *Subpoena to Testify in a Criminal Case*) or for the production of documents or objects at or in advance of the trial, hearing or proceeding at which the items are to be offered in evidence (CAND 89B, *Subpoena to Produce Documents or Objects in a Criminal Case*) are available at the Court's website: cand.uscourts.gov.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Dejan Gantar, Assistant Federal Public Defender
55 S. Market St, Suite 820, San Jose CA 95113
(408) 291 7753

Laura Acevedo, Investigator & Paralegal
(628) 249 9258 Laura_Acevedo@fd.org

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES ☐ NO AMOUNT $ __________ |
| SERVED BY (PRINT NAME) | | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________________ ______________________________

DATE SIGNATURE OF SERVER

ADDRESS:

ADDITIONAL INFORMATION

CLEAR FORM

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

Riley Thomas

Defendant(s).

Case Number: CR 25-cr-095 PCP(SVK)

PROTECTIVE ORDER RE: SUBPOENAED PERSONNEL OR COMPLAINT RECORDS RECEIVED FROM LAW ENFORCEMENT AGENCY UNDER FED. R. CRIM. P. 17(c) & N.D. CAL. CRIM. L. R. 17-2(e)

Law enforcement personnel and/or complaint records (hereafter, "records") were subpoenaed from state or local agencies and returned to:

☐ the Court ☐ the requesting party

and are hereby delivered to:

☐ both parties.

☐ the requesting party, who must produce a copy to the Government or make the records available for inspection and duplication.

☐ the Government by the requesting party, either by a copy of the records or, if no copy is attached, by this notice that the records are available for inspection and duplication.

Use of the records in this case shall be governed by General Order No. 69*: Process for Subpoenaing and Using Personnel and Complaint Records of State Law Enforcement Officers Testifying in Federal Court*. The parties may not use the records in any court proceeding or otherwise disclose any portion of the records or their contents without a court order. At the conclusion of the case, including the final disposition of an appeal of any conviction, the parties shall return the records to the court or the producing agency.

☐ The producing party asks that the assigned district judge file this protective order in the public record.

☐ The producing party sent the records directly to the requesting party, who now submits this order to the assigned district judge for filing in the public record.

IT IS SO ORDERED.

Dated: ______________________________

UNITED STATES DISTRICT JUDGE

GENERAL ORDER NO. 69

PROCESS FOR SUBPOENAING & USING PERSONNEL OR COMPLAINT RECORDS OF STATE LAW ENFORCEMENT OFFICERS TESTIFYING IN FEDERAL COURT

# I. PURPOSE

The purpose of this general order is to provide a streamlined process for subpoenaing and reviewing personnel and complaint records (hereafter, "records") of state law enforcement officers who have been or will be subpoenaed to testify in a federal criminal proceeding. It does not eliminate or limit any of the requirements of Northern District of California Criminal Local Rules (cited herein as "Crim. L.R.") 17-2 and 47-2, including the ability of the subpoenaed party to move to quash or modify the subpoena or to request an in camera review of the records.

# II. PROCESS FOR OBTAINING AND USING RECORDS

## A. Introduction

This General Order was generated by representatives from the Court, the United States Attorney's Office, the Federal Public Defender and the Court's Criminal Justice Act (CJA) Administration and Criminal Practice Committees. It contains a process for subpoenaing, obtaining, reviewing, and using personnel and complaint records and reflects the agreements of the Federal Public Defender and the United States Attorney to facilitate that process.

The General Order streamlines the request for production, production, and use of the records in four ways:

First, it establishes a process for production of records pursuant to a model protective order that provides for the return of all subpoenaed records at the end of the case, and it requires the defendant to move *in limine* in advance of a hearing or trial to introduce any records that the defendant believes are admissible. A sample form model protective order is attached as *Exhibit A*.

Second, the Federal Public Defender will provide training to all Assistant Federal Public Defenders and CJA panel lawyers on the General Order and the drafting of narrowly-framed Rule 17(c) subpoenas that comply with the requirements of Crim. L.R. 17-2.

Third, the General Order and the model protective order will be attached to the Rule 17(c) subpoenas requesting records.

Fourth, the United States Attorney's office will provide training to all Assistant United States Attorneys and will explain the expedited process to local law enforcement agencies that may receive Rule 17(c) subpoenas for personnel records.

The General Order is intended to minimize the need for judicial review of subpoena requests and documents produced pursuant to subpoena requests. It also should decrease the number of motions to quash because it offers local law enforcement agencies the protection of an automatic protective order, a mechanism for return of records, and an assurance that the Court will rule on the admissibility of any records in advance of a hearing or trial.

## B. Form and Content of Subpoena

Any subpoena for personnel and complaint records of a state law enforcement officer who has been or will be called to testify in a federal criminal proceeding shall comply with the form and content requirements of Crim. L.R. 17-2. Specifically, the defendant shall submit to the Court an appropriate request for a Rule 17(c) subpoena directed to the custodian of records, setting forth the records requested, and specifying any particular records that the defendant believes are subject to disclosure based upon the

facts of the case. Notice of this request for a Rule 17(c) subpoena must be given to the Government at the time the request is made. The defendant shall use the subpoena form entitled "Subpoena to Produce State Law Enforcement Personnel or Complaint Records in a Criminal Case" (attached as *Exhibit B* to this General Order), which advises the subpoenaed party that if compliance would be unreasonable or oppressive, it may move to quash or modify the subpoena or seek an in camera review of the records and which states that any records obtained pursuant to this subpoena will be subject to the model protective order restricting the release and use of the records sought. *See* Crim. L.R. 17-2(c). The model protective order and this General Order shall be attached to the subpoena.

**C. <u>Timing of Subpoena Requests</u>**

**1. <u>Motion Hearings</u>**

If the records sought relate to officers who are expected to testify at an evidentiary hearing regarding a pre-trial motion, the request for a subpoena must be filed no later than the filing date of the defendant's motion. The return date for the subpoena shall be 14 days from service of the subpoena (unless the Court finds good cause for an earlier date under Crim. L.R. 17-2(d)). Should the subpoenaed party decide to file a motion to quash, it shall be filed on or before the return date and noticed for a hearing on the Court's next available criminal calendar but no fewer than 14 days later. *See* Crim. L.R. 47-2. The defendant shall be served with a copy of the motion to quash and shall file an opposition to the motion to quash 7 days after the motion to quash is filed. An optional reply is due 4 days after the opposition is filed.

If the Court rules on the defendant's motion without an evidentiary hearing, the serving party shall notify the subpoenaed party that it does not have to produce the requested documents and that any pending motion to quash is moot.

If the Court denies a motion to quash after ordering an evidentiary hearing, the Court shall allow the defendant sufficient time to review the records and make an appropriate *in limine* motion under seal seeking the admission of the records prior to the evidentiary hearing. The Court shall allow the Government sufficient time to file an opposition to the *in limine* motion. The Court shall decide any motions *in limine* on the date of the evidentiary hearing (unless the Court sets a different date).

If the defendant intends to subpoena personnel and complaint records in anticipation of an evidentiary hearing on a pretrial motion, Crim. L.R. 47-2's 14-day period to notice criminal motions will mean that the subpoenaed party may return records or file a motion to quash on or shortly after the initial motion hearing. The Court and the parties should consider these timing issues when setting a briefing and hearing schedule.

**2. <u>Trial</u>**

If the records sought relate to trial testimony, the request for a subpoena shall be filed no later than 40 days before the date set for the pretrial conference. Any subpoena shall be issued and served no later than 35 days before the pretrial conference. The return date for the subpoena shall be 14 days from service of the subpoena (unless the Court finds good cause for an earlier date under Crim. L.R. 17-2(d)). Should the subpoenaed party decide to file a motion to quash, it shall be filed on or before the return date and noticed for a hearing on the Court's next available criminal calendar but not fewer than 14 days later (as required by Crim. L.R. 47-2). The defendant shall be served with a copy of the motion to quash and shall file an opposition to the motion to quash 7 days after the motion is filed. An optional reply is due 4 days after the opposition is filed.

Assuming service of a subpoena 35 days before the pretrial conference, the process allows a motion to quash to be noticed and heard 7 days before the pretrial conference. Should the motion to quash be denied, the Court shall allow the defendant sufficient time to review the records and make an

appropriate *in limine* motion seeking the admission of relevant records prior to trial. The Court shall allow the Government sufficient time to file an opposition to any *in limine* motion.

**D. Use of Subpoenaed Records**

If no motion to quash is filed, or should the motion to quash be denied, the subpoenaed records shall be delivered to the Court (or to the requesting party if the subpoenaed party elects that procedure under Crim. L.R. 17-2(b)) in accordance with the schedule established above. If returned to the Court, the Court shall deliver the records to counsel for the defendant and the Government subject to the model protective order, which restricts the release of the records absent an order from the Court and which requires the return of the records at the conclusion of the case. If returned to the requesting party, the requesting party shall deliver a copy of the records to the opposing party subject to the same protective order.

If, after a review of the records, the defendant believes that material contained in those records is admissible either at an evidentiary hearing or at trial, the defendant shall make an appropriate *in limine* motion seeking admission of the records at issue in accordance with the schedule outlined below. The motion shall be made under seal in order to comply with the protective order regarding the public disclosure of the records.

If the Court agrees that the material is admissible, it shall grant the *in limine* motion, and the material will be admitted as ordered by the Court.

**E. Timing of Motions *In Limine***

**1. Motion Hearings**

If no motion to quash is filed, the defendant's motion *in limine* seeking admission of the subpoenaed records shall be filed no later than 14 days before the evidentiary hearing. The Government shall file any opposition no later than 7 days after the motion is filed. An optional reply is due 4 days after the opposition is filed. The Court will decide the motion *in limine* at the evidentiary hearing (unless the Court sets a different date).

**2. Trial**

If no motion to quash is filed, the defendant shall file an *in limine* motion seeking admission of the subpoenaed records no fewer than 14 days before the pretrial conference. The Government shall file any opposition 7 days after the motion is filed. An optional reply is due 4 days after the opposition is filed. The Court will decide the motion *in limine* at the pretrial conference (unless the Court sets a different date).

**IT IS SO ORDERED.**

**ADOPTED:** June 19, 2012

**FOR THE COURT:**

James Ware

JAMES WARE
CHIEF JUDGE

ATTACHMENT A

California Highway Patrol
CHP Headquarters Sacramento
Attn: Office of Legal Affairs
601 North 7th Street
Sacramento, CA 95811

Case: United States v. Riley Thomas, No. CR 25-00095 PCP (SVK)

Subpoena Return Date: Tuesday, October 13, 2026

Witness: Officer Heath Kuhlmann, #16715

This subpoena, issued pursuant to General Order No. 69 (attached), requires the production of potential impeachment information in the possession of, or known to, the above agency, regarding the agency employee (or former employee) listed above. Please note that the form of this subpoena attachment has been reviewed and approved by the Federal Public Defender for the Northern District of California and the United States Attorney's Office for the Northern District of California. The requests in this attachment have not been modified from the approved form, and any additional material sought will be requested in a separate subpoena.

In response to this subpoena, you should produce the following documents and information:

1. Any finding of misconduct that reflects upon the truthfulness or possible bias of the employee, including a finding of lack of candor during a criminal, civil, or administrative inquiry or proceeding;

2. Any past or pending criminal charge brought against the employee;

3. Any allegation of misconduct bearing upon truthfulness, bias, or integrity that is the subject of a pending investigation;

4. Prior findings by a judge that an agency employee has testified untruthfully, made a knowing false statement in writing, engaged in an unlawful search or seizure, illegally obtained a confession, or engaged in other misconduct;

5. Any misconduct finding or pending misconduct allegations that either casts a substantial doubt upon the accuracy of any evidence—including witness testimony—that may be presented by or related to the agency or the employee, or that might have a significant bearing on the admissibility of any such evidence. Accordingly, please disclose findings or allegations that relate to substantive violations concerning:

A. Failure to follow legal or agency requirements for the collection and handling of evidence, obtaining statements, recording communications, and obtaining consent to search or to record communications;

B. Failure to comply with agency procedures for supervising the activities of a cooperating person (C.I., C.S., CHS, etc.);

C. Failure to follow mandatory protocols with regard to the forensic analysis of evidence;

6. Information that may be used to suggest that the agency employee is biased for or against a defendant; and

7. Information that reflects that the agency employee's ability to perceive and recall the truth is impaired.

Any unsubstantiated allegations made by a prosecutor, magistrate or judge, or which received publicity, or which appear to otherwise be appropriate for disclosure, should be included regardless of whether or not sanctions were imposed. It is also requested that you provide information concerning unsubstantiated allegations, regardless of the type of sanction, or absence of sanction, unless there was agency administrative fact finding determining that the allegations were unfounded. In particular, in the absence of such finding, please provide the requested information even if the allegations were resolved by the imposition of minor administrative sanctions. Any unsubstantiated allegations disclosed should be clearly marked as such.

Please resolve close questions on the side of disclosure. The information provided will be protected and used only in accordance with the terms of General Order 69 and the model protective order (attached). The materials may not be used in any court proceeding or otherwise disclosed without a court order.