JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
DEJAN M. GANTAR, Bar No. 306929
Assistant Federal Public Defender
8th Floor - Suite 820
55 South Market Street
San Jose, CA 95113
Telephone: (408) 291-7753
Facsimile: (408) 291-7399
Email: Dejan_Gantar@fd.org

Counsel for Defendant THOMAS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RILEY THOMAS,<br>Defendant. | Case No. CR 25–00095 PCP (SVK)<br>**~~[PROPOSED]~~ ORDER GRANTING APPLICATION FOR ISSUANCE OF INDIGENT PRETRIAL SUBPOENA DUCES TECUM RE CALIFORNIA HIGHWAY PATROL** |

GOOD CAUSE APPEARING, upon the application of defendant Riley Thomas, pursuant to Federal Rule of Criminal Procedure 17(c), Northern District of California Criminal Local Rules 17-2 and 47-2, and General Order 69, IT IS HEREBY ORDERED:

1. A pretrial subpoena duces tecum shall be issued to:

California Highway Patrol
CHP Headquarters Sacramento
Attention: Madelyn Cisneros, Office of Legal Affairs
601 North 7th Street
Sacramento, CA 95811

for the documents listed below concerning CHP Officer Heath Kuhlmann, #16715, the Court being satisfied that the pretrial production of these documents is necessary to enable the defendant to prepare for trial:

(1) Any finding of misconduct that reflects upon the truthfulness or possible bias of the employee, including a finding of lack of candor during a criminal, civil, or administrative inquiry or proceeding;

(2) Any past or pending criminal charge brought against the employee;

(3) Any allegation of misconduct bearing upon truthfulness, bias, or integrity that is the subject of a pending investigation;

(4) Prior findings by a judge that an agency employee has testified untruthfully, made a knowing false statement in writing, engaged in an unlawful search or seizure, illegally obtained a confession, or engaged in other misconduct;

(5) Any misconduct finding or pending misconduct allegations that either casts a substantial doubt upon the accuracy of any evidence—including witness testimony—that may be presented by or related to the agency or the employee, or that might have a significant bearing on the admissibility of any such evidence. Accordingly, please disclose findings or allegations that relate to substantive violations concerning:

(a) Failure to follow legal or agency requirements for the collection and handling of evidence, obtaining statements, recording communications, and obtaining consent to search or to record communications;

(b) Failure to comply with agency procedures for supervising the activities of a cooperating person (C.I., C.S., CHS, etc.);

(c) Failure to follow mandatory protocols with regard to the forensic analysis of evidence;

(6) Information that may be used to suggest that the agency employee is biased for or against a defendant; and

(7) Information that reflects that the agency employee's ability to perceive and recall the truth is impaired.

2. The cost of process and fees and the expenses of the subpoenaed entity shall be paid as if the documents were subpoenaed on behalf of the government, the Court being satisfied that the defendant is unable to pay these costs and fees.

IT IS SO ORDERED.

Dated: September 17, 2026

THE HONORABLE SUSAN VAN KEULEN
United States Magistrate Judge