JODI LINKER
Federal Public Defender
Northern District of California
DEJAN M. GANTAR
Assistant Federal Public Defender
8th Floor - Suite 820
55 South Market Street
San Jose, CA 95113
Telephone: (408) 291-7753
Facsimile: (408) 291-7399
Email: Dejan_Gantar@fd.org

Counsel for Defendant THOMAS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RILEY THOMAS,<br><br>Defendant. | **Case No.:** 25-CR-95 PCP<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER** |

## INTRODUCTION

On September 9, 2026, this Court issued an order that, inter alia, granted the defense's request for an evidentiary hearing on the motion to suppress. ECF 79. On September 22, 2026, the Government filed a motion for leave to file a motion to reconsider the Court's order granting the request for an evidentiary hearing, and a motion to reconsider. ECF 88; 89. As directed by the Court, the defense hereby submits this opposition to the Government's motion for leave.[1]

---

[1] As directed by the Court at the September 23, 2026 status conference, this opposition does not address the government's substantive arguments; it responds only to the Government's motion for

Pursuant to the Civil and Criminal Local Rules of the Northern District of California, a motion to reconsider may not be filed without leave of the Court. *See* N.D. Cal. Civ. L.R. 7-9. A motion to reconsider is proper only if the moving party establishes one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L. R. 7-9(b)(1)-(3).[2]

The Court should deny the Government's motion for leave. The Government does not satisfy any of the standards set forth above. The Government concedes there is no "material difference in fact or law" that exists now that was not presented to the Court previously. Nor has there been any "new material facts or a change of law occurring" after the Court's order. Instead, the Government rests its motion for leave on the third prong, that there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *See* Govt. Mot. for Leave, ECF 88 at 2.

The Government summarizes its basis for seeking leave as follows:

> the government placed Thomas' suppression arguments in the proper context of the valid search warrant and pointing out Thomas' burden to show that the search warrant was both invalid and that the officers unreasonably relied on it. Indeed, in response to Thomas' non-contextual arguments at the hearing attacking the use of the automated license

---

leave. While the issues discussed herein necessarily overlap with the Government's motion for reconsideration, the defense has limited its argument herein to the standard required for a motion for leave as set forth by the local rules. The defense will file a responsive brief to the Government's motion for reconsideration if the Court grants the Government's motion for leave.

[2] Although these standards are set forth in the Court's Civil Local Rules, they apply equally in criminal cases. *See* N.D. Cal. Crim. L.R. 2-1.

> plate reader (ALPR) data, the prosecutor specifically urged the Court to consider those arguments in their proper procedural context as an attack on a valid search warrant.

*Id.* at 2.

The Government makes no attempt to further clarify or explain this labyrinth paragraph in its motion for leave. *See id. generally*. Instead, in its motion for reconsideration, the Government argues the Court should not hold an evidentiary hearing for several reasons, none of which satisfy the Rule's requirements. First, the Government argues "an evidentiary hearing is unwarranted because the resolution of the two factual issues cited by the Court is irrelevant to the validity of the searches." Motion for Reconsideration at 1 (hereinafter "Mot."). Next, it repeats its previous argument that Thomas had no reasonable expectation of privacy in his license plate and location data, and that the officers searched the ALPR database in good faith. *Id.* at 1-2. Finally, it argues that "it is not clear there are any *contested* facts on that issue." *Id.* at 2 (emphasis in original).

The Government's contentions are meritless. The Government's motion fails to satisfy any of the standards above, and the Court should deny its motion for leave.

## ARGUMENT

### I. Excising ALPR information from the apartment search warrant is immaterial vis-à-vis the need for an evidentiary hearing, and the Court has already considered this argument.

The Government's first argument is that "[a]n evidentiary hearing is unwarranted because the search warrant for Thomas' apartment is valid even if the ALPR evidence was excised." Mot. at 4. Not only is this not a basis for reconsideration, but it also fundamentally misunderstands the issue. First, the Government already presented this argument at the August 26, 2026 motion hearing. *See* 8/26/26 Transcript at 84-85. Its motion for reconsideration merely reiterates it.[3] Nothing in the record indicates this Court failed to consider it. Moreover, the Government's argument misses the point. There is no dispute that law enforcement accessed the Flock ALPR database to track Thomas's movements from Oakland to Santa Cruz. Thomas has argued this constituted a warrantless search, and that all evidence

---

[3] Even if the Government hadn't made the argument previously, supplemental arguments that could have been raised previously but weren't are not a basis for reconsideration. *See* N.D. Cal. Civ. L. R. 7-9(b)(1) (permitting new arguments only if the moving party can "show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order").

derived from this search must be suppressed as derivative evidence of that Fourth Amendment violation. *See* Def. Mot. to Suppress at 15-17. Critically, this Court recognized that in its order, and accordingly scheduled an evidentiary hearing. *See* 9/9/26 Order, ECF 79 at 10 (characterizing evidence derived from ALPR search as fruit of the poisonous tree).

This issue has been briefed and argued by the parties. Nothing in the record suggests a "manifest failure by the Court" to consider these arguments. N.D. Cal. Civ. L. R. 7-9(b)(3). Moreover, the Government's argument is not "dispositive[,]" making it even less appropriate for the Court to grant leave.[4] The Government's argument does not satisfy any of the criteria required to grant leave to file a motion to reconsider, and the Court should deny its motion.

## II. The Court has already rejected the Government's argument that there was probable cause to search the vehicle independent of Goose's alert.

The Government's second argument, that officers had probable cause to search Thomas's vehicle notwithstanding Goose's reliability, Mot. at 5-6, is equally unavailing. The Government has already presented this argument. And, as the Court noted at the September 23, 2026 status hearing, the Court has already found that there was no probable cause to search the vehicle independent of Goose's alert. *See* 9/9/26 Order, ECF 79 at 12 n.7 (expressly rejecting the Government's argument that there was probable cause to search even without Goose's alert). Again, this issue was briefed, argued, and considered by the Court. The Court should deny the Government's motion for leave.

## III. The Government's argument that an evidentiary hearing is not warranted on the issue of how the Flock database works and how it was accessed is meritless, and has already been briefed and considered by this Court.

Finally, the Government dedicates 10 pages of its motion for reconsideration to arguing that an evidentiary hearing is not necessary because the issue of how law enforcement used ALPR data in this case is not relevant to whether Thomas had a reasonable expectation of privacy, or whether the officers acted in good faith. Mot. at 6-16. This is not a new argument—it's a regurgitation of the arguments the Government made in its opposition brief and at the motion hearing. *Compare* Govt. Opposition Brief,

---

[4] Thomas has argued that all evidence recovered from the apartment on September 19, 2024 should be suppressed because, inter alia, the search of his vehicle—which revealed evidence that was cited in the application for the apartment search warrant—was unconstitutional, because it was the fruit of the unlawful ALPR search, and because there was no probable cause to search the car in the first place.

ECF 65 at 18-24 (arguing that ALPR searches are not searches under the Fourth Amendment and that the officers acted in good faith) *with* Mot. at 6-16 (arguing that ALPR searches are not searches under the Fourth Amendment and that the officers acted in good faith). And nothing in the record suggests a "manifest failure" by the Court to consider these arguments.

Particularly in light of the Supreme Court's recent decision in *Chatrie v. United States*, 146 S. Ct. 2193 (2026), an evidentiary hearing is appropriate where the parties disagree as to the level of information that law enforcement acquired through their use of the ALPR system. And, as the Court mentioned at the last status hearing, given the issues concerning Detective Claussen's credibility—and the absence of a declaration filed by him addressing his use of the ALPR database—there exist facts in dispute that would be appropriately resolved through such a hearing. Thus, "contested issues of fact exist[,]" and the Court should not reconsider its decision to hold an evidentiary hearing. *See United States v. Dorsey*, No. 23-2714, 2024 WL 4379733, at *1-2 (9th Cir. Oct. 3, 2024) (unpublished) (reversing district court where contested issues of fact existed and district court denied defendant's request for evidentiary hearing).

In summary, the Government's motion for leave fails to advance a colorable argument that the Court "manifestly fail[ed]" … "to consider material facts or dispositive legal arguments which were presented to the Court[.]" The issues the Government raises in its motion for reconsideration are ones that already have been the subject of months of pretrial litigation. Because, as the Court noted in its order, "the lawfulness of both the Flock search and the vehicle search cannot be resolved on the evidence before the Court," an evidentiary hearing is appropriate. *See* 9/9/26 Order, ECF 79 at 6.

## CONCLUSION

The Government's motion for reconsideration is not what it claims—it's a supplemental brief whereby the Government seeks to advance the same arguments it's already put forth. That is not a valid basis for the Court to reconsider its order granting an evidentiary hearing. Indeed, the local rules expressly proscribe repetition of arguments as a basis to reconsider. *See* N.D. Cal. Civ. L.R. 7-9(c).

////

////

////

The defense respectfully requests the Court deny the Government's motion for leave.

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

DATED: September 29, 2026

*/s/ Dejan M. Gantar*
DEJAN M. GANTAR
Assistant Federal Public Defender